**Victor ARROYO, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–4590–ag.**

United States Court of Appeals, Second Circuit.

June 30, 2006.

Mario DeMarco, Port Chester, NY, for Petitioner.

Andrew M. McNeela, Assistant United States Attorney, (for Michael J. Garcia, United States Attorney) Southern District of New York, New York, NY, for Respondent.

PRESENT: THOMAS J. MESKILL, JON O. NEWMAN, and B.D. PARKER, Circuit Judges.

**SUMMARY ORDER**

Petitioner Victor Arroyo, a citizen of Peru, petitions for review of the August 2004 order of the Board of Immigration

---

1. Pursuant to Fed. R.App. P. 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

Appeals ("BIA"), affirming in part and dismissing in part a decision of Immigration Judge ("IJ") Brigette LaForest. File No. A90–587–648. This Court reviews the BIA's decision regarding purely legal questions *de novo*. *See Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000). Familiarity with the record below and issues on appeal is presumed.

Arroyo principally challenges the BIA's conclusion that he is ineligible for relief under the former Immigration and Nationality Act § 212(c). Specifically, he contends that it was error to retroactively find him ineligible for such relief as an aggravated felon, since his conviction was not an aggravated felony for deportation purposes when he pled guilty in 1996. We disagree. The Illegal Immigration and Immigrant Responsibility Act of 1996 ("IIRIRA") § 321(a), Pub.L. No. 104–208, 110 Stat. 3009–546, at –627–28, amended the definition of "aggravated felony" in 8 U.S.C. § 1101(a)(43)(N) to include alien smuggling regardless of the term of imprisonment imposed. The amended aggravated felony definition applies to crimes committed before the enactment of IIRIRA because Congress expressly and unambiguously made clear its intention to apply the provision retroactively. *See* IIRIRA, 321(b); *See INS v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001); *Kuhali v. Reno,* 266 F.3d 93, 110 (2d Cir. 2001). Because Arroyo pled guilty to sexual abuse in the first degree on August 14, 1996, he is an aggravated felon barred from § 212(c) relief by § 440(d) of the Antiterrorism and Effective Death Penalty Act. *See* 8 C.F.R. § 1212.3(h)(2).

We have considered all of Arroyo's claims on appeal and find them without merit. For the foregoing reasons, the petition for review is DENIED.